UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 10-61583-CV-LENARD/TURNOFF

LARISE ATLANTIS, INC.,

    Plaintiff,
vs.

PACIFIC INSURANCE CO., LTD.,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Strike Defendant's Amended Affirmative Defenses **[DE33]**. A hearing on this Motion **[DE33]** took place before the undersigned on February 2, 2011.

Upon review of the Motion **[DE33]**, the Response **[DE35]**, the Reply **[DE38]**, hearing argument from counsel, and being otherwise duly advised in the premises, the undersigned makes the following findings.

### Background

This action was originally filed by Plaintiff, Larise Atlantis, Inc., ("Larise") against Defendant, Pacific Insurance Company, Ltd. ("Pacific"), in the 17th Judicial Circuit, in and for Broward County, Florida. It was removed to this Court on August 27, 2010 on grounds of diversity, and pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332. **[DE1]**. The allegations in the Complaint arise from property damage allegedly sustained during Hurricane Wilma in 2005. Id. Counts I, II & III of the Complaint assert a putative class action against Pacific for declaratory

relief and breach of contract. Counts IV and V allege individual claims against Pacific for breach of contract and to compel an appraisal. Id.

On September 17, 2010, Pacific filed a Motion to Dismiss only as to the "class action counts," i.e., I, II & III. **[DE9]**. On that same day, Pacific filed an Answer and Affirmative Defenses as to the remaining counts, as well as a counter-claim for declaratory judgment. **[DE10]**. An Amended Answer was filed on October 17, 2010. **[DE26]**.

The Motion **[DE33]** at bar indicates that Plaintiff seeks a Court Order striking Affirmative Defense Nos. 1-7. Plaintiff also seeks to strike paragraphs 14-15. At the hearing, however, the parties advised that they had resolved the issues between them as to ¶¶ 5-7. Further, Defendant conceded in Court that ¶¶ 14-15 should be stricken. Accordingly, this Report and Recommendation shall only address ¶¶ 1-4.

## Affirmative Defenses at Issue

Plaintiff specifically seeks to strike the following defenses.

*Affirmative Defense No. 1*

Any claim made by the Plaintiff for insurance monies pursuant to the Policy is subject to all terms and conditions of the Policy.

*Affirmative Defense No. 2*

Plaintiff's claims are barred, in whole or in part, by latches, including but not limited to the fact that the Plaintiff, after completing the claims procedure and executing a Final Proof of Loss, subsequently submitted additional claim demands for an additional $3.4 million, without affording Pacific the opportunity to be involved in the evaluation process.

*Affirmative Defense No. 3*

Plaintiff's claims are barred in whole or in part, by the doctrine of estoppel, including but not limited to participating in an extensive claims process and submitting Sworn Statements in Proof of Loss under oath, attesting to the damages suffered by the covered property,

2

including a final Sworn Statement in Proof of Loss. All of these Sworn Statements in Proof of Loss were accepted and paid, including the final Sworn Statement in Proof of Loss.

*Affirmative Defense No. 4*

Plaintiff's claims are barred in whole or in part, by release, waiver, ratification and/or consent. Plaintiff participated in an extensive claims process and submitted Sworn Statement in Proof of Loss under oath, and attested to the damages suffered by the covered property, including a Sworn Statement in the final Sworn Statement in Proof of Loss.

See [DE26].

By way of summary, Plaintiff argues that the defenses are overly broad, vague, fail to satisfy the elements of laches, and estoppel, and/or are otherwise barred by waiver, release, ratification or consent. [DE33].

## Analysis

Motions to strike are generally disfavored unless the allegations have no possible relation to the controversy and may cause prejudice to the other party. See Poston v. Am. President Lines, Ltd., 425 F. Supp. 568, 570 (S.D. Fla. 1978). A court *may*, however, strike any pleading or defense that is insufficient, redundant, immaterial, impertinent, or scandalous. See Fed.R.Civ.P. 12(f). Further, Affirmative defenses must comply with Fed.R.Civ.P. 8, which requires "a short plain statement" of the asserted defense. A detailed recitation of particular facts is not required. Instead, defendants need only give "fair notice" of the defense and "the grounds upon which it rests." See Conley v. Gibson, 355 U.S. 41, 47 (1957).

Upon review of the affirmative defenses and applying same to the law referenced above, the undersigned finds that they provide the requisite fair notice of the defense, and otherwise comply with Rule 8. That is not to say that Defendant will ultimately prevail on any of the defenses at issue.

Simply stated, at this stage, Defendant has plead sufficiently.

Consistent with the above, it is hereby **RESPECTFULLY RECOMMENDED** that Plaintiff's Motion **[DE 33]** be **DENIED**.

Pursuant to Local Magistrate Rule 4 (b), the parties have fourteen (14) days from service of this Report and Recommendation to serve and file written objections, if any, with the Honorable Joan A. Lenard, United States District Court Judge. Failure to file timely objections shall bar the parties from attacking on appeal the factual findings contained herein. Loconte v. Dugger, 847 F. 2d 745 (11th Cir. 1998); cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

**RESPECTFULLY RECOMMENDED** in Chambers at Miami, Florida on this 14th day of February 2011.

**WILLIAM C. TURNOFF**
**UNITED STATES MAGISTRATE JUDGE**

cc: Hon. Joan A. Lenard
    Counsel of Record