UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-61583-CIV-LENARD/O'SULLIVAN

LARISE ATLANTIS, INC.,

    Plaintiff,

v.

PACIFIC INSURANCE COMPANY,
LIMITED,

    Defendant.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE
JUDGE (D.E. 45) AND DENYING PLAINTIFF'S MOTION TO STRIKE
AFFIRMATIVE DEFENSES (D.E. 33)**

**THIS CAUSE** is before the Court on the Report and Recommendation of Magistrate Judge William C. Turnoff ("Report," D.E. 45), issued on February 15, 2011, recommending the Court deny Plaintiff's Motion to Strike Defendant's Amended Affirmative Defenses ("Motion to Strike," D.E. 33). On February 28, 2011, Plaintiff filed Objections to the Report ("Objections," D.E. 47). No response was filed. Having considered the Report, Objections, Motion to Strike, related pleadings, and the record, the Court finds as follows.

    **I.**    **Background**

On June 22, 2010, Plaintiff Larise Atlantis, Inc. ("Larise") filed this lawsuit in the 17th Judicial Circuit, in and for Broward County, Florida. (See Complaint, D.E. 1-3.) On August 27, 2010, Defendant Pacific Insurance Company, Limited ("Pacific"), removed the action to this Court. (See Notice of Removal, D.E. 1.) In short, this case concerns a dispute

over an insurance policy issued by Pacific to Larise.  Larise contends Pacific breached the policy and should be compelled to appraisal in connection with damage the insured's property sustained as a result of Hurricane Wilma in 2005.

The Complaint asserts five claims.  Counts I, II, and III of the Complaint raise claims on behalf of a putative class for declaratory relief and breach of contract.  In essence, Larise contends the hurricane deductible and co-insurance provisions contained in Pacific's insurance policies are unenforceable because they fail to comply with the language and typeface requirements of Fla. Stat. § 627.701(4)(a), and because the policy was not submitted to the Office of Insurance Regulation pursuant to Fla. Stat. § 627.410.[1]  Counts IV and V of the Complaint raise individual claims against Pacific seeking to compel appraisal and for breach of contract.  On October 18, 2010, Pacific filed an Amended Answer, therein asserting numerous affirmative defenses.  (See Answer, D.E. 26.)

Pacific's Answer raises the following pertinent affirmative defenses.  The first affirmative defense states that "any claim made by the Plaintiff for insurance monies pursuant to the Policy is subject to all of the terms and conditions of the Policy." (Id. at 12.)  The second, third, and fourth affirmative defenses are based upon laches, estoppel, and release, waiver, ratification, and/or consent. (Id.)

On November 18, 2010, Larise filed its Motion to Strike, seeking to strike a number of Pacific's affirmative defenses.  While the Parties reached agreement as to several of the

---

[1] These class action claims are the subject of Defendant's Motion to Dismiss. (See D.E. 12.)

challenged defenses, Larise still contends that Affirmative Defenses Nos. 1-4 should be stricken for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

On February 2, 2011, Magistrate Judge Turnoff held a hearing on the Motion to Strike. On February 15, 2011, he issued his Report. The Report recommends the Court deny the Motion to Strike and finds the challenged defenses provide the requisite fair notice to Larise.

On February 28, 2011, Larise objected to the Report's findings. Larise contends Pacific's first affirmative defense is "grossly vague because it fails to identify which specific provision" of the policy it is asserting or how it applies. (Objections at 2.) As to Pacific's second, third, and fourth affirmative defenses, Larise contends they lack any factual support or legal basis. (Id. at 3.)

**II.   Standard of Review**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires, "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d)(1) further provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." Rule 10(b) requires that, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

A motion to strike is governed by Rule 12(f), which provides in relevant part that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Striking allegations from a

pleading "is a drastic remedy to be resorted to only when required for the purposes of justice," and only when the allegations to be stricken have "no possible relation to the controversy." Augustus v. Bd. of Pub. Instruction, 306 F.2d 862, 868 (5th Cir. 1962)[2]; Jackson v. Grupo Industrial Hostelero, S.A., 2008 WL 4648999 (S.D. Fla. 2008).

### III.  Discussion

The Court adopts the Magistrate Judge's recommendation and finds that Pacific's first, second, third, and fourth affirmative defenses need not be stricken. The Court finds such a drastic remedy is unwarranted where the challenged defenses are not redundant, immaterial, impertinent, or scandalous. Larise is sufficiently on notice of the defenses raised. Accordingly it is hereby **ORDERED AND ADJUDGED** that:

1. The Report and Recommendation of the Magistrate Judge (D.E. 45), issued on February 15, 2011, is **ADOPTED**;

3. Plaintiff's Motion to Strike Defendant's Amended Affirmative Defenses (D.E. 33), filed on November 18, 2010, is **DENIED**.

---

[2]  In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26th day of April, 2011.

/s/ Joan A. Lenard
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**